■ GREENBRIER FARMS, INC., Respondent, v. CENTRAL JERSEY LANDSCAPE Co., INC., et al., Defendants, and STEVE BRODY, INC., et al., Appellants.— Motion by appellants, Steve Brody, Inc. and Aetna Casualty and Surety Company, for further reargument or for leave to appeal to the Court of Appeals. Motion denied. Upon the court's own motion, the memorandum decision of this court dated May 1, 1968 [30 A D 2d 529], rendered on appellants' prior motion for reargument or for leave to appeal to the Court of Appeals, is amended to read as follows: "Motion by appellants for reargument or, in the alternative, for leave to appeal to the Court of Appeals. Motion granted to the extent of granting reargument; and, upon such reargument, the original determination of this court is adhered to. While the order extending the lien was invalid by reason of its entry after the expiration date of the lien, the action should not be dismissed (Dittmar Explosives v. A. E. Ottaviano, Inc., 20 N Y 2d 498). Even if the tenure of plaintiff's notice of lien was ineffectively extended, plaintiff's complaint is not to be dismissed without an opportunity to amend so as to replead within the framework of the trust provisions of the Lien Law (Dittmar Explosives v. A. E. Ottaviano, Inc., supra)." Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

■ BESSIE ACKERMAN, as Executrix of ISAAC J. ACKERMAN, Deceased, Appellant, v. DAVID PERCHIKOFF, Respondent.— Appeal by plaintiff (1) from an order of the Supreme Court, Queens County, dated October 20, 1966, which denied her motion (a) to vacate the automatic dismissal of the action (CPLR 3404) and (b) to restore the action to the Trial Calendar and (2) from so much of an order of said court dated February 3, 1967 and made on reargument, as adhered to the original decision. Appeal from the order dated October 20, 1966 dismissed, without costs. That order was superseded by the order on reargument. Order dated February 3, 1967 reversed insofar as appealed from, with $10 costs and disbursements, and original motion granted. In our opinion, the record indicates a meritorious cause of action, no intention to abandon the action on the part of plaintiff and no merit to defendant's claim of prejudice (Marco v. Sachs, 10 N Y 2d 542; Tactuk v. Freiberg, 24 A D 2d 503; Boyle v. Krebs & Schulz Motors, 18 A D 2d 1010; Blau v. Levine, 28 A D 2d 1137). Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.